20-2752 from the District of South Dakota, Dirk Sparks v. Matthew Shaver et al. Mr. Leach Thank you your honor, may it please the court. In criminal cases, like the criminal case against Mr. Sparks in the state court, South Dakota has issued a preclusion rule as it does in civil cases, namely, a prior order must be in writing, signed, and duly recorded by filing before issued preclusion applies. The critical South Dakota criminal case that states and applies this rule is State v. Louther. Louther footnote 7 explains that it is applying the rules of race judicata from an earlier case to a later case, in other words, what we would probably today call collateral espionage. Louther, like this case, involves a prior ruling on a motion to suppress evidence in a criminal case, and in Louther, the trial court ruled that the evidence must be suppressed as seized in violation of the Fourth Amendment. The state dismisses, later brings another action, and this time the ruling is to the opposite, that the evidence was legally seized. The case goes up to the South Dakota Supreme Court, and the defendant says the first ruling was race judicata, the judge heard the facts, applied the law, and ruled it was an illegal search and seizure. And the South Dakota Supreme Court says no, race judicata does not apply, prior ruling is not binding, and at 7-5-2 of Louther, there are three absolutely critical sentences that decide this appeal effectively. The first sentence, the court says, although the trial court originally ordered the suppression of evidence seized, no final order was reduced to writing, signing, or duly recorded by filing. The second critical sentence, the court says, quote, orders are required to be in writing because the trial court may change its ruling before the order is signed and entered. And then the third critical sentence, and this is the killer for the other side of this appeal, quote, for this reason, unrecorded rulings on motions are ineffective and need not be considered at a later date. Applying Louther to this case, the state court's ruling in Mr. Sparks' criminal case, never having been signed, reduced to writing, or duly recorded by filing, was, to use the words of Louther itself, quote, ineffective and need not be considered at a later date, quote. Mr. Leach, wouldn't the appropriate place for raising those concerns about the effectiveness of the court's ruling have been in an appeal of the decision of the court to, in the appeal of the guilty plea. Obviously, he pled guilty, and so there was no appeal. But that became final once that case was closed. That seems different than Louther, where there was essentially a preliminary decision by a court that the court itself later changed, and it never became final. Once the criminal case that's at the bottom of the facts of this particular appeal became final, that's a different scenario, isn't it? It's not, Your Honor, because in all the cases, in many of the cases where the South Dakota Supreme Court applies this rule, there is a final decision. And in each case, it's the question, does the prior unreported ruling, unwritten ruling, control, never does. But to get to your specific point about this case, after the plea bargain, which, of course, the state has to offer and defendant accepts, there's, as you say, there's no way for Mr. A prior ruling that's never even become final. And that's where it brings this into just the same place as the Supreme Court case Perseus versus Herod for 1988. Well, it seems in a sense that what you're mounting is a collateral attack. No, Your Honor. It's not a collateral attack because there was no effective prior ruling. Moral ruling under Lauther is ineffective for all purposes. It is not a ruling that counts or matters or even exists other than that it was made orally. And that's the critical point. All the circuit court had to do, if it wanted to make it effective, was to enter a written order. That's the critical point under South Dakota law that never happened. And so in the district court, there's some discussion in the brief from the defense and in the district court decision as to what issue we raised in the district court. And in page 41 of the district court decision, district court recognized this was exactly Sparks' argument where he writes that Sparks argues Judge Barnett's denial of his motions expressed was not a final ruling because it was not reduced to writing, signed by the clerk or filed in the clerk's office. And the court specifically cites two portions of the record right there where I raised that specific argument. So then after citing and quoting Lauther, the district court states Judge Barnett's decision is sufficiently final for issue preclusion purposes. That's absolutely contrary to Lauther, which says a decision not reduced to writing, signed, and recorded by a filing is ineffective for issue preclusion purposes. So the bench oral ruling is ineffective for issue preclusion. And that issue is never finally decided. And Judge Smith, to return to your question, it can't be appealed after the guilty ruling. And there's simply, in the state court case, no decision as a matter of law on the Fourth Amendment issue, which is critical in this case. The district court then says, after its misstatement of what Lauther means, the district court says, finally and most importantly, Sparks' criminal case ended when he pleaded no contest and Judge Barnett entered a judgment of conviction. And that's where Harding v. Perseus is right on point, because Sparks' criminal plea does not stop him from raising a Fourth Amendment issue on which there has been no decision in the state court. Exactly the situation here. Finally, the district court erred by relying on a Bank of Hogan v. Proush, which is a South Dakota Supreme Court case. And in that case, of course, South Dakota Supreme Court dealt with its own written decision. It does not have this oral decision, written decision issue, because the South Dakota Supreme Court issues no oral decisions. So, that case does not apply because it doesn't have this oral, unrecorded, unwritten, grueling problem, and the district court erred by relying on what it called a hallmarks of finality case. And we don't know where it got that case, because it's not part of South Dakota law, because the first hallmarks of finality appear nowhere in South Dakota law, not in the Supreme Court case, not in any kind of case. So, the bottom line is that the district court committed legal error by holding that the state court oral ruling, never produced to writing, never signed, never duly recorded by filers. It really starts from challenging what we now know is admittedly unconstitutional, forcible catheterization, according to Judge Lange's ruling. And for those reasons, we asked the court to reverse the ruling of the district court and to remand the case so that the claim of Fourth Amendment violation by a forcible catheterization in the record, you can see it at Joint Appendix page 30, can be heard on its merits. And unless there are additional questions, I will yield the balance of my time. I will reserve the balance of my time, I should say. Thank you, Mr. Leach. Thank you very much, Your Honors. Mr. Moore. Thank you, Your Honor. James Moore on behalf of the City of Pierre and Officer Matthew Shaver. May it please the court. There's no dispute in this case that the Fourth Amendment claim that is the basis of Mr. Leach's 1983 claim was actually litigated in state court in the context of Mr. Sparks' criminal case. It is the same facts, the same claim. It was actually litigated, decided by Judge Barnett adversely to Mr. Sparks. Mr. Leach's argument is essentially that under South Dakota law, because Judge Barnett could have changed his ruling at some time before entry of final judgment, his ruling is not entitled to preclusive effect. But Judge Smith, as you pointed out, there is a final judgment in Mr. Sparks' case. There was not a final judgment in the Lothar case. There was not a final judgment in the Peters case. And what the cases that Mr. Leach relies on actually establishes the unremarkable proposition that a court may reconsider its oral decisions before entering a final judgment in a case. That is not surprising. It is well-established law. It is unremarkable. And it does not decide the issues in this case because there, in fact, was a final judgment in this case. And with respect to the ability to appeal, Judge Smith, yes, Mr. Sparks chose to plead contendere. There was a plea on that basis. The court accepted. He entered a conviction and sentence on that basis. But Mr. Sparks... Could he have played conditionally? Actually not. Reserved the right to reserve the Fourth Amendment right issue? The South Dakota Supreme Court decided that issue in 2010 in a case called State v. Rondell, R-O-N-D-E-L-L. And it is recorded at 791 NW 2nd 641. And the court in that case said that a conditional guilty plea is not permissible in South Dakota because it is not authorized by the criminal code. But in footnote 3, the court stated the following. The state points out that a defendant wishing to preserve appeal rights can enter a not guilty plea but stipulate to the facts. That allows the trial court to adjudicate the case and the defendant to appeal adverse rulings. So your honor, despite the fact that a conditional guilty plea is not permitted under South Dakota law, Mr. Sparks had options with respect to his ability to appeal to the South Dakota Supreme Court from the adverse ruling on the Fourth Amendment issue. Um, I don't think at the end of the day that there's anything about that that is consistent with or that helps Mr. Leach's argument. At the end of the day, Mr. Leach's primary authority that a written decision is required for purposes of preclusive effect is a statute that relates to civil procedure in South Dakota 15-6-58. And there's no basis on which this court can find that that applied in the context of Mr. Sparks' criminal case and Judge Barnett's ruling. In fact, South Dakota statute specifically contemplates that a court in a criminal case may make findings and conclusions on the record. And there's a statute, SDCL 23 A-8-10, that says the court may make oral findings and conclusions on the record and that that is sufficient. So in terms of criminal procedure, what Judge Barnett did in handling Mr. Sparks' case was consistent with South Dakota law and was appropriate. Counselor, how do you handle Lauther then? Because didn't Lauther involve an oral motion to suppress? It did. And it also, in that case, your honor, the indictment in which that ruling was made was dismissed without prejudice. But you just told me that it was only applicable in civil cases. Well, but there was another indictment in Lauther, your honor, and there was no final judgment in the first case. So the fact that the order wasn't reduced to writing didn't preclude the court from reconsidering its decision, essentially, when there was a re-indictment in the same issue presented. Same facts. But it was essentially reconsidered by the court at that point. And I think that's... What about the language of the statute itself, 15-6-58, it applies to orders, doesn't it, by its own plain terms? It does apply to orders, your honor. But again, in the criminal context in South Dakota, there's a more specific statute that says that findings and conclusions need to be made in the context of a motion to suppress, and findings and conclusions can be made orally on the record through a verbatim transcript. And that's what we have in this case. The transcript is in the joint appendix starting at page 67. It's a 64-page transcript. There was an evidentiary hearing. Judge Barnett engaged counsel in argument at the end. Judge Barnett was active, liked to argue with counsel, liked to engage counsel, liked to think out loud. All of that is evident in the record that he made. And at the conclusion of the hearing, he found that there was no Fourth Amendment violation here. And that was, as Judge Lang found, that was a decision that was sufficiently firm to be accorded preclusive effect. And that's the standard that applies for collateral estoppel purposes under South Dakota law, whether it's sufficiently firm to be accorded preclusive effect. And none of the cases that Mr. Leach cites suggest that standard does not apply. Mr. Leach makes an argument that the Bank of Hovind case, from which Judge Lang cited that applies only to Supreme Court decisions. But there's no authority for that proposition. It's certainly not stated in the decision itself. And ultimately, what Judge Lang said is that Mr. Sparks was fully heard on the merits that Judge Barnett's decision was deliberated and firm. It was subject to appeal. It could have been appealed. And it was procedurally definite. And at the end of the day, it was final because there was a final judgment entered in the criminal case. And there was no appeal. So what Mr. Sparks wants is a different forum for his Fourth Amendment claim. You know from the record in this case, the two judges look at the same set of facts and the same Fourth Amendment argument and reach different conclusions about the reasonableness of the procedure. Judge Lang said it was not consistent with the Fourth Amendment. Judge Barnett said that it was. And based on established South Dakota law and clearly established rules with respect to preclusive effect, there is no reason that Judge Barnett's decision should not be given preclusive effect as it was by the district court. Well, counsel, what if the judge, what if that judge actually changed his mind? Well, he did not, Your Honor. How do we know that? Because there was a final judgment that was entered and the judgment would have been entered in part based on the evidence that was not precluded pursuant to the ruling. I mean, I think I thought that wasn't the final judgment entered on a guilty plea. It was pursuant to, yes, it was. But I think it's logical to expect that Mr. Sparks pleaded guilty because he knew that the evidence was not going to be suppressed. It was coming in. And to speak to Judge Smith's question, if he wanted to preserve that for appeal and challenge it, he had a procedural way to do that under established South Dakota law. Mr. Leach talks about Herring v. Procease, but Herring v. Procease is entirely distinguishable as the district court held because the Fourth Amendment issue in that case under Virginia law was not actually litigated and decided by the court. Here it was. And I think that makes this case indistinguishable from the Sanders v. Procease, which has been cited in all of the briefs, in which Fourth Amendment claims in a 1983 case were later precluded because they were previously litigated in a criminal case on a motion to suppress. They were fully litigated. There was no assignment of error in that case. And even though the conviction was actually reversed, this court still gave preclusive effect in the 1983 case to the trial court's ruling on the Fourth Amendment issue. Well, I'm just trying to deal with the language from Gloucester that explains why orders are required to be in writing. And that case says that the reason is that the trial court may change its ruling before the order is signed and entered. And I'm having difficulty with your explanation as to why the judge in the state court case might not have actually changed his mind. But it was of no consequence because Mr. Sparks entered a guilty plea. Well, if the your honor, if the court had changed his mind, if Judge Barnett had changed his mind, we would know. There would have been some proceeding that occurred in the case that would have made that clear. That's what happened in Lothar. That's what happened in Peters. That's what happened in the cases that Mr. Leach cites. There was a circumstance in which the court was able to change its mind and, in fact, did change its mind. And when a party later said, well, your previous ruling is entirely inclusive, in fact, the final judgment in that decision was changed. Those aren't the facts here. The decision that Judge Barnett reached, he said on the record, is subject to appeal. He said it would be interesting to see what the South Dakota Supreme Court decides on this. And then it was not appeal. It was final. As far as he was concerned, the best evidence that we have that the court did not change his mind is both the fact that there was no proceeding in which that happened and the statements that he made on the record that you can appeal this. Go ahead. It won't offend me. It would be interesting to see how the court handles it. It's a new and novel issue in South Dakota. That's exactly what's in the transcript. And I think on that basis, there's every reason that Judge Lange was correct to give preclusive effect to Judge Barnett's decision. Unless the court has additional questions, I don't have additional argument. I don't see any. Thank you, Mr. Moore. Mr. Leach, your rebuttal. Thank you, Your Honor. Judge Perez, your question in response to Mr. Moore's attempt to make this case subject only to SDCL 15-6-58, I think was right on point because, of course, the Rule 28J letter from Mr. Moore a couple days ago pointed out that 15-6-58 is a rule of civil procedure. And this was not a civil case in the state court. So it would appear at first blush that Mr. Moore struck a devastating blow to our case. That's why we bring the issue around Lauther because Lauther is a criminal case where the South Dakota Supreme Court, in fact, applies the same rule. And so we have, we're not relying on the civil rule. We're relying on the rule from the South Dakota Supreme Court. Counsel, Your Honor, Judge Smith, as far as your question about how do we know whether or not Judge Barnett changed his mind, well, we don't. And there's something strange going on here because there's 32 days after the judge announces his oral decision with nothing entered in writing. And we just don't know what was going to happen. And we don't know what led to what. And naturally, we can't psychoanalyze or depose Judge Barnett. And that's why I think South Dakota has made the right choice in adapting an absolutely right, clear, undisputed rule that says a prior order must be in writing, signed, and duly recorded by filing before issued preclusion appliance. That lets us out of having to speculate about what Judge Barnett meant, may or may not have envisioned them. We're not asking you to create a new rule. I'm asking you to look favorably on Dirk Sparks. We're simply asking you to follow the law that the South Dakota Supreme Court has set down, which, of course, is binding on this court in determining the rule of issued preclusion. That applies in this case. I close, in the absence of questions, I close with what the South Dakota Supreme Court said in in re LS, where it says because the doctrine of issued preclusion bars any subsequent litigation, it should not be used to defeat the ends of justice. Courts must give careful consideration to the case at hand before directing the doctrines of the preclusive bar. And when this court gives careful consideration to the case at hand, this court sees we've simply got an oral bench decision, not meeting the requirements of Lauther to be in writing, signed, duly recorded by filing. And therefore, there being no issue preclusion. And then the subsequent guilty plea, not precluding anything under proceeds versus hard. Thank you very much. Thank you, Mr. Leach. Thank you also, Mr. Moore. We appreciate both counsel's presentations to us and the argument this morning. We will take the case under advisement.